IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DAVID WALLACE GARRISON**                                                              **MOVANT**

**v.**                                                                          **No. 2:08CR58-NBB-DAS**

**UNITED STATES OF AMERICA**                                                      **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of David Wallace Garrison to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

**Facts and Procedural Posture[1]**

On July 30, 2008, following a three-day jury trial, the petitioner David Wallace Garrison was convicted on all six counts of the Indictment. The court subsequently sentenced the petitioner on April 28, 2009, to 38 months in prison. The petitioner filed a timely appeal and his conviction was ultimately affirmed by the Fifth Circuit on July 6, 2010. On May 27, 2011, the petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Claims for Relief**

In the instant § 2255 motion, Garrison claims that his counsel was ineffective based upon the following allegations:

(1) Informing the jury about a twenty-year-old conviction for counterfeiting currency;

---

[1] Though Garrison was released from incarceration on January 25, 2012, he has alleged that he is actually innocent of the crime of his conviction. As such, his release has not rendered moot his motion under 28 U.S.C. § 2255.

(2) Telling the jury that Garrison would testify, when the defense rested without calling witnesses

(3) Failing to call the following witnesses: Shannon Benson, John Doe 1, Brian Williams, John Doe 2, and Krystal Nelson;

(4) Failing to place nine items into evidence

(5) Failure to prepare properly for trial;

(6) Allowing the relationship between his wife and the prosecutor's wife affect his handling of the defense;

(7) Filing several pretrial motions after the deadline, leading to their denial;

(8) Being intimidated by the prosecutor;

(9) Failure to file a motion to suppress "certain evidence;" and

(10) Failure to seek dismissal of the indictment prior to trial.

Garrison's last two items are not independent grounds for relief; they are more akin to motions. In Ground 11, Garrison requests a new trial based upon the aggregate effect of the first ten grounds for relief. Finally, in Ground 12, Garrison reserves the option to seek discovery in various forms during the instant case.

## Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight.

*Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Groups of Claims

The government has organized Garrison's claims into three categories, and the court will adopt those categories for the purposes of the instant memorandum opinion: (1) trial strategy; (2) failure to file motions, and (3) miscellaneous issues.

### I. Trial Strategy: Grounds One, Two, Three, and Four,

In evaluating whether counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice. Id., at 691-692. The test's prejudice prong requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694. Strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. See *Strickland*, 460 U.S. at 689; *McCotter v. Lyons*, 770 F.2d 529, 533 (5th Cir. 1985). In this case, Garrison has asserted four

grounds that essentially challenge his counsel's trial strategy, that being Grounds One (informing the jury of petitioner's prior counterfeiting conviction), Two (informing the jury the petitioner would testify in his own defense), Three (failure to call witnesses) and Four (failure to introduce potential exhibits).

In Ground Three, Garrison alleges that trial counsel was ineffective for deciding not to call several witnesses. The decision to call witnesses is a trial strategy within the trial counsel's domain. *United States v. Harris*, 408 F.3d 186, 190 (5th Cir. 2005), *cert. denied*, 546 U.S. 919, 126 S.Ct. 297 (2005); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Complaints about the failure to call witnesses are disfavored on collateral review because allegations of potential testimony are speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). For this reason, the court views such claims with skepticism, especially where the only evidence of what a witness might say is from the petitioner. *Id*. The petitioner must show that the testimony would have been favorable and that the witness would have testified at trial. *Alexander*, 775 F.2d at 602.

In the present case, Garrison has listed five potential witnesses that trial counsel chose not to call. Two of the witnesses are listed only as "John Doe 1" and "John Doe 2." As the court cannot determine who the witnesses might be – or their potential testimony – the claim that counsel failed to call them will be denied. Garrison has failed to offer any details whatsoever as to what the other three witnesses might have said if called to testify. Such vague and conclusory allegations are insufficient to support *habeas corpus* relief. *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971), *United States v. Woods*, 870 F.2d 285 (5th Cir. 1989). Garrison has not offered specific proof that the witnesses would have testified or that their testimony would even have been favorable to him. This ground for relief is without substantive merit and will be denied.

### Ground Four: Failure to Use Potential Exhibits

In Ground Four, Garrison alleges that trial counsel was ineffective because he chose not to use various exhibits as evidence during trial. Determining which exhibits are relevant and beneficial to a defendant's case is a strategic decision within discretion of trial counsel. Garrison has listed nine potential exhibits that he claims trial counsel should have introduced, but he has not in any way explained how the exhibits might have been beneficial to his defense. A petitioner seeking *habeas corpus* relief bears the burden of proof as to each ground for relief he asserts. *Williford v. Estelle*, 672 F.2d 552 (5th Cir. 1982). As Garrison has offered no explanation regarding the authenticity or relevance of the proposed evidence – or how any of it might inure to his benefit – he has not met his burden to show that, but for his counsel's failure to offer these items into evidence, he would have been found not guilty by the jury of all counts. This allegation is without merit and will be dismissed.

In Ground One Garrison argues that counsel erred by informing the jury of Garrison's prior conviction for counterfeiting. First, the 1995 conviction might well have come into evidence at trial under Fed. R. Ev. 404(b)(2), which permits introduction of evidence regarding crimes in certain circumstances. Defense counsel brought the conviction to the jury's attention himself, a common strategy to minimize the damage to the defense such evidence can inflict. Any party, when faced with potential evidence that might negatively affect their position, often bring that evidence to light himself. Choosing this path permits the affected party to present the damaging evidence in the best possible light – and to avoid the appearance to the jury that the party is trying to hide the truth. This strategy also allows the affected party to minimize the impact such evidence might have on the jury by controlling the manner in which it is presented.

In the present case, defense counsel's strategic decision to bring the defendant's prior conviction to light before the prosecution could do so was a constitutionally sound strategy, and

Garrison has not shown that he was prejudiced by counsel's decision.  This ground is without substantive merit and will be denied.

In Ground Two, Garrison alleges that counsel erred in telling the jury that Garrison would testify but, ultimately, resting without calling Garrison to the witness stand.  The record reflects that Garrison did not, in fact, testify.  Garrison posits, without proof, that his attorney's decision not to call him as a witness prejudiced the jury against him.  The record does not support Garrison's position because he, himself, made the decision not to testify.  During the *voir dire* regarding Garrison's right to testify, he stated that he understood that he had the right to testify and that no one could prevent him from doing so.  Garrison was present throughout the trial and could have insisted upon taking the stand if he believed doing so was critical to his defense.  He declined the opportunity and knowingly waived his right to take the stand.  This ground is without substantive merit and will be denied.

## II.  Failure to File Motions:  Grounds Seven, Nine, and Ten

In Ground Nine of the second group of § 2255 claims, Garrison alleges that defense counsel failed to file a motion to suppress "certain evidence," but fails to identify that evidence.  Without knowing what evidence Garrison claims his attorney failed to suppress, the court cannot address this issue.  Bare assertions such as this are insufficient to state a valid *habeas corpus* claim.  As such, Garrison's claim that his attorney failed to file a motion to suppress will be dismissed for failure to state a claim upon which relief could be granted.

Garrison also claims in Ground Ten that his attorney was ineffective because he sought dismissal of the charges during the course of trial under Fed. R. Crim. P. 29 – and that failure to file the motion prior to trial adversely affected the trial's outcome.  Trial counsel also moved under Rule 29 to dismiss the charges at the conclusion of Garrison's case – and again in a written motion for judgment *non obstante veredicto* ("JNOV").  The court considered and rejected these arguments

Garrison each time they were raised – as did the Fifth Circuit Court of Appeals. Presentation of the arguments at an earlier stage in the proceedings would not have affected the court's decision. This ground for relief is without substantive merit and will be denied.

In Ground Seven Garrison claims that counsel filed four motions in limine in an untimely manner and that they were rejected for that reason. The court, however, ruled on the motions during trial and in an order entered August 28, 2008. The court did not dismiss the motions as untimely and, indeed, granted the one and dismissed the motion pertaining to *Jencks* material as moot. The court denied the remaining two motions on the merits. This ground for relief is without merit and will be denied.

### III. Miscellaneous Requests for Relief: Grounds Five, Six, Eight, Eleven, and Twelve:

In the remaining grounds for relief (Grounds Five, Six, Eight, Eleven, and Twelve), Garrison has set forth vague allegations suggesting reasons why trial counsel's performance might have been deficient. In Ground Five, Garrison suggests that trial counsel was preoccupied with his pending position as Assistant District Attorney, and Ground Six contains the allegation that the wives of defense counsel and one of the prosecutors are close friends. In Ground Eight, Garrison alleges that defense counsel was intimidated by the prosecutor. Garrison alleges in Ground Eleven that the cumulative effect of the previous ten grounds for relief stands as a separate claim. Finally, Ground Twelve is not a ground for relief at all, but a request for the opportunity to conduct discovery in this § 2255 proceeding. Again, Garrison does not allege sufficient facts to support any of these grounds for relief. As the movant has the burden of persuasion, such bare allegations do not rise to the level of a claim for § 2255 relief.

In any event, the claims fail on the merits. As to Ground Five, defense counsel made a spirited defense of Garrison in the face of ample evidence of his guilt. He vigorously cross-examined the

government's witnesses, starting with Keith Haney, a witness the government tendered as an expert in counterfeit clothing, and continuing throughout the trial. Counsel made many objections and motions at the appropriate times, and there is no evidence that counsel's career objectives in any way interfered with his representation of Garrison. Ground Five is without substantive merit and will be denied.

In Ground Six Garrison alleges that the wives of defense counsel and one of the prosecutors were sorority sisters and had been friends for many years. However, Garrison does not even identify which prosecutor's wife might have been friends with defense counsel's wife; nor does he allege how the friendship of opposing counsel's wives might have led to his attorney's alleged deficient performance at trial. As the government points out, it is not uncommon for opposing counsel in a given case to be cordial with each other – or even friends – outside of the courtroom. Even a direct friendship between attorneys does not, without more, constitute proof that either attorney's performance is deficient. Garrison has not pointed to any act or omission by his attorney indicating that he was deficient under the Sixth Amendment of the Constitution. Further, as discussed above, counsel mounted an aggressive defense on Garrison's behalf. This ground for relief is without merit and will be denied.

Ground Eight sets forth a claim that defense counsel was intimidated by the prosecutor. To support this allegation, Garrison states that defense counsel relayed a message from one of the government's attorneys that he would "burn" Garrison for rejecting the plea and forcing a trial during the prosecutor's anniversary. Assuming the allegation to be true, it has no bearing on defense counsel's performance during the trial of this case. Neither the government's prosecution of this case nor defense counsel's actions even suggest that counsel was intimidated. This ground for relief is also without merit and will be denied.

Garrison alleges in Ground Eleven that the cumulative effect of the errors alleged in Grounds

One through Ten rise to the level of an independent ground for relief. However, as none of the previous grounds for relief has merit, the aggregation of those grounds does not state a claim for § 2255 relief. *Derden v. McNeel*, 978 F.2d 1453 (5th Cir. 1992). Finally, Ground Twelve of the instant motion is not a ground for relief at all, but a request for discovery should Garrison believe it is warranted. As the court has found no merit to any of the grounds for relief in the instant motion, this request will be denied.

**Conclusion**

In sum, all of Garrison's grounds for relief are without substantive merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of July, 2014.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE